PANNER, Senior District Judge,
dissenting.
The Ninth Circuit is the busiest regional court system in the United States. The court had more than 16,000 pending appeals in 2007. That same year, the Central District of California, from which this appeal arises, had more than 14,000 filings, which are handled by a mere 28 ■ active Article III judges. While the interests of justice cannot be ignored to promote judicial efficiency, the decision of the majority in this case sacrifices efficiency without advancing the interests of justice.
Here, the state requested that this court take judicial notice of the transcript of Murphy’s 1997 guilty plea. The transcript conclusively demonstrates that Murphy’s 1997 conviction was for first degree burglary and that Murphy acknowledged the conviction qualified as a strike.
This court may take judicial notice of documents that were not before the district court when doing so serves the interest of judicial efficiency. See, e.g., United States v. Esquivel, 88 F.3d 722, 727 (9th Cir.1996). When a remand would be a “waste of time,” the Ninth Circuit has held that “judicial ping-ponging between the *826 state and federal courts serves no useful purpose,” and the court should act in the interest of judicial efficiency. Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir.2002) (en bancXquotation marks and citations omitted). Here, this court should take judicial notice of the transcript.
When this case is remanded to the district court it will be returned to the California Superior Court for re-sentencing. At resentencing the transcript will be before the state court and, under the Three Strike Law, it will impose the same sentence enhancement that is at issue in this appeal.
The court should affirm the ruling of the district court. I respectfully DISSENT.